IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MARY HEATHER McAFEE, *on behalf of herself and all others similarly situated,* : : : | |
| Plaintiff, : : | |
| v. : : | Civil Action No. 3:22-cv-772-RCY |
| CIC MORTGAGE CREDIT, INC., : : | |
| Defendant. : | |

## FINAL APPROVAL ORDER

This matter is before the Court on Plaintiff's Motion for Final Approval of Class Settlement ("Motion for Final Approval") (ECF No. 50) and Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award ("Motion for Fees") (ECF No. 47). For the reasons stated from the bench at the February 15, 2024 Final Settlement Approval Hearing (*see* ECF No. 53) and the reasons set forth below, the Court GRANTS both the Motion for Final Approval (ECF No. 50) and the Motion for Fees (ECF No. 47).

Having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered October 18, 2023, a "Settlement Class," the Court finds that:

1.      Certification for settlement purposes of the Settlement Class,[1] is appropriate pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

2.      Notice to the Settlement Class required by Federal Rule of Civil Procedure 23(e) has been provided in accordance with the Court's Preliminary Approval Order (*see* ECF No. 44).

---

[1] Defined terms used in this Order have the same meaning provided in the Settlement Agreement.

1

This Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3. Defendant CIC Mortgage Credit, Inc. has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that Defendant's notification complies fully with the applicable requirements of CAFA.

4. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the parties.

5. The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the Settlement Class considering the complexity, expense, and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6. The relief provided under the settlement constitutes fair value given in exchange for the release of claims.

7. The parties and each Settlement Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

8. It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

The Court therefore ORDERS, ADJUDGES AND DECREES THAT:

9.  This action is a class action against Defendant CIC Mortgage Credit, Inc., on behalf of a class of consumers that has been defined as follows:

> **Settlement Class**: All natural persons who were the subject: (1) of a consumer report furnished by the Defendant to a third party between December 14, 2017 and June 9, 2023, (2) where the report, or any associated error messages, contained a status from Equifax, Experian, or Trans Union indicating that the consumer was deceased, (3) when the consumer was not in fact deceased at the time the report was issued.

10. The Settlement Agreement submitted by the parties for the Settlement Class is approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

11. This action is hereby dismissed on the merits, with prejudice and without costs.

12. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

13. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the

Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

14. Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards $128,333.33 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses under Rule 23(h), to be paid from the Settlement Fund.

15. Upon consideration of the application for an individual settlement and service award, the Named Plaintiff, Mary Heather McAfee, is awarded $15,000.00, to be paid from the Settlement Fund, for the service she has performed for and on behalf of the Settlement Class.

16. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

Let the Clerk file this Order electronically and notify all counsel of record accordingly.

This case is CLOSED.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: February 15, 2024